**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2872-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DYLAN J. PARKER,

    Defendant-Appellant.

_____

Submitted October 21, 2025 – Decided December 5, 2025

Before Judges Chase and Augostini.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Accusation No. 19-06-0508.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (Hudson E. Knight, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Dylan J. Parker appeals from a March 6, 2024 order denying in part his petition for post-conviction relief (PCR) without an evidentiary hearing. Defendant argues that his trial counsel rendered ineffective assistance by failing to investigate a co-defendant who would have exculpated him, resulting in receiving a more favorable plea offer or dismissal of the charges. In a cogently written decision, Judge Andrea G. Carter thoroughly analyzed the issues raised in view of the governing law and denied defendant's claim that trial counsel was ineffective for failing to conduct an adequate investigation.

On June 17, 2019, under a five-count accusation, defendant pled guilty to: first-degree conspiracy to commit murder, N.J.S.A. 2C:11-3 and 2C:5-2; first-degree attempted murder, N.J.S.A. 2C:11-3 and 2C:5-1; second-degree possession of a weapon (a handgun) for an unlawful purpose, N.J.S.A. 2C:39-4(a); second-degree possession of a controlled dangerous substance (CDS) (marijuana) with intent to distribute on or near a public park, N.J.S.A. 2C:35-5(a) and 2C:35-7.1; and second-degree possession of a firearm while engaged in CDS distribution-related activity, N.J.S.A. 2C:35-5 and 2C:39-4.1. In accordance with the plea agreement, he was sentenced to eight years confinement to be served in a juvenile facility, with an eighty-five percent period

A-2872-23

of parole ineligibility and parole supervision as prescribed by the No Early Release Act, N.J.S.A. 2C:43-7.2.

In 2021, the self-represented defendant filed a PCR petition.[1]  He was assigned counsel, and on October 9, 2022, counsel filed a supplemental letter brief and certification in support of defendant's PCR petition.  On February 27, 2024, the PCR judge heard oral argument on defendant's petition.  Thereafter, on March 6, 2024, the PCR judge granted in part, by consent, defendant's petition permitting him "forty-five (45) days to file a direct appeal from the [judgment of conviction]," and denied the remainder of defendant's claims.

On April 8, 2025, we affirmed defendant's sentence on our excessive sentence oral argument calendar but remanded "for the entry of a corrected judgment of conviction to reflect the merger of Count Three into Count Two and to remove the sentences imposed on the merged Counts One and Three."  State v. Dylan J. Parker, A-2994-23 (App. Div. Apr. 8, 2025) (slip op. at 1).

---

[1]  Defendant's appendix refers to his "Pro Se Petition for PCR" as "tantamount to a complaint" and thus was included in the appendix pursuant to Rule 2:6-1a(1)(a), (b).

This appeal addresses the PCR judge's denial of one of the remaining PCR claims,[2] which defendant raises in a single point for our consideration:

> MR. PARKER IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO [INVESTIGATE] A CO-DEFENDANT WHO WOULD HAVE EXCULPATED MR. PARKER.

Defendant presented the same argument to the PCR judge. Having reviewed the record de novo, we affirm substantially for the reasons expressed by Judge Carter in her thorough written opinion.

As Judge Carter explained, defendant did not establish a prima facie showing of ineffective assistance of counsel because his claims of innocence were belied by the plea record. Moreover, he provided no affidavit by the co-defendant stating that defendant was not present at the scene of the shooting, nor a sworn statement from the defense investigator confirming co-defendant's exculpation of defendant.

A defendant is entitled to an evidentiary hearing only when he "has presented a prima facie [case] in support of [PCR]," State v. Marshall, 148 N.J. 89, 158 (1997) (first alteration in original) (quoting State v. Preciose, 19 N.J.

---

[2] Additional claims of ineffective assistance of counsel pertaining to other trial counsel, which were raised before the PCR court, are not being raised on appeal.

4

451, 462 (1992)), meaning that a "defendant must demonstrate a reasonable likelihood that his . . . claim will ultimately succeed on the merits." Ibid. For a defendant to obtain relief based on ineffective assistance grounds, he must show not only the particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced his right to a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987).

Defendant failed to demonstrate a reasonable likelihood that his PCR claim would ultimately succeed on the merits and failed to satisfy either prong of the Strickland/Fritz test. Because there was no prima facie showing of ineffective assistance of counsel, an evidentiary hearing was not necessary to resolve defendant's PCR claim of ineffective assistance of counsel. Preciose, 129 N.J. at 462.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-2872-23